1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERIE BURKE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>ARAMARK SERVICES, INC., a Foreign Profit Corporation, and DOES 1-10, inclusive,<br><br>        Defendant. | No. 3:24-cv-05488<br><br>**NOTICE OF REMOVAL**<br><br>Removed from Pierce County Superior Court (Case No. 24-2-08079-7)<br><br>[28 U.S.C. §§ 1332(a), 1441, 1446, and 1453] |

**TO:**        **THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT**

            **COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND TO:**        **PLAINTIFF AND ALL ATTORNEYS OF RECORD**

        **NOTICE IS HEREBY GIVEN THAT:**

        Defendant Aramark Services, Inc. ("Aramark"), by and through counsel, hereby removes

the above-entitled action from the Superior Court of the State of Washington in and for Pierce

County to the United States District Court for the Western District of Washington, pursuant to

28 U.S.C. §§ 1332, 1441, 1446, and 1453, because (1) minimal diversity exists under the Class

Action Fairness Act, there are more than 100 members in the putative class, and the amount in

controversy exceeds $5 million; and (2) complete diversity of jurisdiction exists between the

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs. Aramark denies the allegations and relief sought, and files this Notice without waiving any defenses, exceptions, or obligation that may exist in its favor. Aramark will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## I.    PROCEDURAL BACKGROUND

1.      On May 20, 2024, Plaintiff Cherie Burke filed a complaint in Pierce County Superior Court (the "Complaint") individually and on behalf of the members of a Class.

2.      On May 21, 2024, Plaintiff served copies of the Summons and Complaint, Civil Case Cover Sheet, and Order Assigning Case to Judicial Department and Setting Review Hearing Date on the registered agent for Aramark. A true and correct copy of the Summons and Complaint, Civil Case Cover Sheet, and Order Assigning Case to Judicial Department and Setting Review Hearing Date is attached as **Exhibit A**.

3.      In the Complaint, Plaintiff asserts claims on behalf of the following putative class (the "Class"):

> All individuals who, from January 1, 2023 through the present (the "Class Period") applied for a job opening in the State of Washington with Defendant where the job posting did not disclose the wage scale or salary range for the position.

Compl. ¶ 14.

4.      On behalf of herself and the putative Class, Plaintiff seeks $5,000 in statutory damages based on the alleged failure to disclose wage or salary ranges on job postings for positions in Washington, purportedly in violation of RCW 49.58.110.  *Id.*  ¶¶ 10–13, 23–28, 36. Additionally, the Complaint seeks a statutory award of attorneys' fees under RCW 49.58.070(1). *Id.* ¶ 28.

## II.    REMOVAL IS TIMELY

5.      Plaintiff served the registered agent for Aramark on May 21, 2024. Thirty days from the date of service of the Summons and Complaint is on June 20, 2024. Because this Notice

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1  is filed within thirty days from service, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See*

2  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice

3  of Removal has been filed or made with this Court for the relief sought herein.

### III.     VENUE

5      6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because

6  the United States District Court for the Western District of Washington embraces the place where

7  this action is pending, Pierce County Superior Court.

### IV.     ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

10      7.     This lawsuit is a putative class action.[1]  Removal based on the Class Action Fairness

11  Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (1) minimal

12  diversity of citizenship exists between Plaintiff and Aramark; (2) there are more than 100 members

13  in the putative Class; and (3) the Complaint places in controversy more than $5 million, exclusive

14  of interest and costs.  28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453.  Although Aramark denies

15  Plaintiff's factual allegations and denies that Plaintiff—and the class she purports to represent—is

16  entitled to the relief requested in the Complaint, all requirements for jurisdiction under CAFA have

17  been met in this case based on Plaintiff's allegations in the Complaint.

18      **A.     Minimal Diversity of Citizenship Exists**

19      8.     To establish CAFA's diversity requirement, a party seeking removal must establish

20  only that minimal diversity exists, that is, that one putative class member is a citizen of a state

21  different from any defendant.  28 U.S.C. § 1332(d)(2); *see also*, *United Steel, Paper & Forestry,*

22  *Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co*.,

23  602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides

---

[1] Aramark denies and reserves the right to contest Plaintiff's contention that this action can properly proceed as a class action.

NOTICE OF REMOVAL - 3

1  expanded original diversity jurisdiction for class actions meeting the minimal diversity

2  requirement set forth in 28 U.S.C. § 1332(d)(2)).

3      9.      Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because Plaintiff and

4  Aramark are citizens of different states.

5                    **1.    Plaintiff Is a Citizen of Washington.**

6      10.     "An individual is a citizen of the state in which [she] is domiciled." *Boon v. Allstate*

7  *Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co*.,

8  265 F.3d 853, 857 (9th Cir. 2001)).   For purposes of diversity jurisdiction, citizenship is

9  determined by the individual's domicile at the time the lawsuit is filed.  *Lew v. Moss*, 797 F.2d

10 747, 750 (9th Cir. 1986).  Domicile is determined by "an individual's 1) residence in a state, and

11 2) [her] intent to remain indefinitely."  *Boon*, 229 F. Supp. 2d at 1019.  Evidence of continuing

12 residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d

13 Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

14     11.     In the Complaint, Plaintiff alleges she "at all relevant times was a resident of

15 Renton, Washington."  Compl. ¶ 3.  Plaintiff's continued residence in Washington creates the

16 presumption that she is domiciled in Washington and is a citizen of the State of Washington for

17 purposes of removal.  *See Hovensa LLC*, 652 F. 3d at 395; *State Farm Mut. Auto. Ins. Co.*, 19 F.3d

18 at 519.

19                 **2.    Aramark is a Citizen of Delaware and Pennsylvania.**

20     12.     A corporation is deemed to be a citizen of any state in which it has been

21 incorporated and the state where it maintains its principal place of business.  28 U.S.C. §

22 1332(c)(1).  The "principal place of business" refers to "the place where a corporation's officers

23 direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be

24 the place where the corporation maintains its headquarters—provided that the headquarters is the

25 actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an

26

NOTICE OF REMOVAL - 4

office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

13.     Defendant Aramark Services, Inc. is organized under the laws of the State of Delaware, and its principal place of business and corporate headquarters is in Pennsylvania, where its officers direct, control, and coordinate corporate activities.  It is therefore a citizen of Delaware and Washington for purposes of removal.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93.

14.     As Plaintiff and Aramark are citizens of different states, minimal diversity is satisfied.  (Indeed, as set forth below, complete diversity is also satisfied.)

**B.      The Putative Class Has More than 100 Members.**

15.     CAFA's requirement that the proposed class membership be no less than 100 members is satisfied here because the putative class has more than 100 members.  *See* 28 U.S.C. § 1332(d)(5).

16.     Plaintiff asserts claims on behalf of a putative Class comprised of all individuals who applied for a job opening in Washington from January 1, 2023, through the present, where the job posting allegedly did not contain wage scale or salary range information.  Compl. ¶ 14.  Plaintiff estimates there "to be hundreds of individuals in the Class." *Id.* ¶ 16.  Aramark reserves the right to oppose class certification, to dispute Plaintiff's class definition, and to dispute Plaintiff's interpretation of the terms "applicant" and "posting" as used in RCW 49.58.110 and in the class definition.  Based on Plaintiff's class definition, however, and assuming the foregoing terms are all defined in the manner alleged by Plaintiff as well, the putative Class includes approximately 1,100 individuals who applied to one or more positions which Plaintiff alleges did not disclose wage scale or salary range information.  Thus, the putative Class contains more than 100 members.

/ / /

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**C.** **The $5,000,000 Amount in Controversy Requirement Is Satisfied.**[2]

17.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

18.     A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).   The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.   Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)).   There is no presumption against removal in cases invoking CAFA because Congress intended to "facilitate adjudication of certain class actions in federal court." *Id.* at 87.

19.     Where, as here, Plaintiff has not pleaded in the Complaint the amount of damages that she seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).   In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement. *See id.* at 685.   That is, the defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).   This burden "is not a daunting one. . . . [A] removing defendant is not obligated

---

[2] This Notice of Removal addresses the nature and amount of damages the Complaint places in controversy. Defendants refer to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum.   Defendants maintain that each of Plaintiff's claims lack merit and that Defendants are not liable to Plaintiff or any putative class member in any amount whatsoever.   No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.   "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co.*

2    *LLC v. Truck Ins. Exch.*, No. C21-5586, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021)

3    (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

4        20.    While Aramark denies Plaintiff's factual allegations and further denies that Plaintiff

5    and the putative Class she seeks to represent are entitled to any relief whatsoever, Plaintiff's

6    allegations have put into controversy an amount "more likely than not" in excess of the $5 million

7    threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C.

8    § 1332(d)(6).

9        21.    Plaintiff has specifically requested statutory damages for herself and each putative

10   Class member of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, placing at least

11   $5,500,000 (1,100 putative Class Members x $5,000) in statutory damages in controversy.  Compl.

12   ¶ 28.

13       22.    Accordingly, although Aramark expressly and emphatically denies Plaintiff's

14   factual allegations and prayer for relief and denies that Plaintiff is entitled to any relief whatsoever,

15   the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in 28

16   U.S.C. § 1332(d)(2), based on the allegations contained in the Complaint.

### V.  THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BASED ON DIVERSITY

19       23.    In the alternative, this Court has jurisdiction under 28 U.S.C. § 1332 because, upon

20   information and belief, complete diversity of citizenship exists between the parties and the amount

21   in controversy exceeds $75,000 for the named Plaintiff, exclusive of interests and costs.

22   **A.    Complete Diversity of Citizenship Exists Between the Parties.**

23       24.    Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and Aramark

24   because Plaintiff and Aramark are citizens of different states.

25       **1.    Plaintiff Is a Citizen of Washington.**

26       25.    As explained above, Plaintiff is a citizen of Washington. *Supra* Section IV.A.1.

NOTICE OF REMOVAL - 7

**2.      Defendant Aramark Stores, Inc. Is a Citizen of Delaware and Pennsylvania.**

26.      As explained above, Aramark is a citizen of Delaware and Pennsylvania. *Supra* Section IV.A.2.

**3.      Doe Defendants Are Irrelevant for Purposes of Removal.**

27.      Under 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name shall be disregarded. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) (disregarding the citizenship of defendants sued under fictitious names for purposes of removal); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Aramark's ability to remove.

**4.      Conclusion: Complete Diversity of Citizenship Exists.**

28.      For the reasons set forth above, there is complete diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action between citizens of different states.

**B.      The $75,000 Amount in Controversy Requirement Is Satisfied.**

29.      To establish diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).

30.      A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Owens*, 574 U.S. at 83. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)).

31.      Where, as here, Plaintiff has not pled in the Complaint the amount of damages that she seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Abrego Abrego*, 443 F.3d at 690 (citing *Singer v. State*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

*Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement.  28 U.S.C. § 1446(c)(2); *Abrego Abrego*, 443 F.3d at 683.  That is, the defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount.  *Sanchez*, 102 F.3d at 404.  This burden "is not a daunting one. . . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'"  *54-40 Brewing Co. LLC*, 2021 WL 6124788, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

32.    While Aramark denies Plaintiff's factual allegations and further denies that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.

### 1.    <u>Plaintiff's Request for Statutory Damages Places $5,000 in Controversy.</u>

33.    Plaintiff has specifically requested statutory damages of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, placing at least $5,000 in statutory damages in controversy for Plaintiff alone.  Compl. ¶ 18.[3]

### 2.    <u>Plaintiff's Claim for Attorneys' Fees Places At Least $145,000 in Controversy.</u>

34.    Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may be considered for purposes of calculating the amount in controversy.  *See McGraw v. GEICO Gen. Ins. Co.*, No. C16-5876, 2017 WL 1386085, at *3 (W.D. Wash. Apr. 18, 2017) (concluding "that, whether the [attorneys'] fees are authorized by contract, statute, or case

---

[3] Alternatively, Plaintiff seeks actual damages for the "valuable time" spent applying to a job posting that did not include salary or wage information, to the extent those damages are greater than the $5,000 statutory damages. Compl. ¶ 12. Plaintiff also alleges that, because of her inability "to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace," she was harmed. Compl. ¶ 13. Plaintiff therefore has not foreclosed seeking actual damages for an as-yet unidentified amount. Compl. ¶ 28. If Plaintiff seeks actual damages exceeding $5,000, the amount-in-controversy would be even greater than pleaded here.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

law, they may be included in the amount in controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding that attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *see also Kido as trustee for Kido v. Transamerica Life Ins. Co.*, No. C19-1858, 2020 WL 428978, at *3 (W.D. Wash. Jan. 28, 2020) (calculating attorneys' fees for inclusion in the amount in controversy); *Skau v. JBS Carriers, Inc.*, No. C18-681, 2018 WL 6804315, at *2 (W.D. Wash. Dec. 27, 2018) (concluding "it is more likely than not that the attorneys' fees that may be awarded in this case would exceed the remaining amount required to meet the amount in controversy requirement").

35.     When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal; it includes those future attorneys' fees that would reasonably accrue through the time the action is resolved.  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

36.     The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case.  *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorneys' fees for the purpose of removal using Plaintiff's attorney's hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case).  Plaintiff's attorneys handling single-plaintiff employment cases in the Western District can spend hundreds, if not thousands, of hours working on them through trial.  *See, e.g.*, Pl.'s Mot. for Attorney's Fees and Suppl. J. re Tax Consequences, *Jacobs v. Wal-Mart Stores, Inc.*, No. 3:17-cv-5988, at 3 (W.D. Wash. Mar. 20, 2019) (in a single-plaintiff employment case, plaintiff's counsel recorded 1,613.50 hours worked through trial); Pl.'s Mot. for Attorney Fees, Costs, and Prejudgment Interest, *Conti v. Corporate*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1  *Services Group, Inc.*, No. 12-cv-245, 2013 WL 12317592, at 6 (W.D. Wash. Dec. 26, 2013) (in a

2  single-plaintiff employment case, plaintiff's counsel recorded 3,354.35 hours worked through

3  trial).

4        37.     Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will

5  spend litigating Plaintiff's individual claim through trial (without a class even being certified),

6  based on Plaintiff's allegations and a comparison of similar individual cases, is *at least* 200 hours.

7  Assuming the case is not dismissed on the pleadings, the parties will need to participate in a Rule

8  16 and 26(f) conference, prepare and file a joint case management conference statement, and

9  appear at a case management conference.  Defendant anticipates deposing the Plaintiff.  Defendant

10  anticipates that Plaintiff's counsel will depose multiple witnesses, including one or more Rule

11  30(b)(6) witnesses.  Defendant may file a motion to dismiss and/or a motion for summary

12  judgment.  The Parties may have disputes regarding discovery that will involve the Parties briefing

13  and arguing one or more discovery motions.  Therefore, 200 hours of attorney time represents a

14  conservative, and certainly reasonable, estimate of the minimum number of attorney hours that can

15  reasonably be anticipated through the resolution of this case.  This estimate does not take into

16  account any proceedings related to Plaintiff's attempt to certify class.

17        38.     Plaintiff's counsel's hourly rates are available through reference to publicly

18  available fee requests in other cases.  In separate litigation, counsel from the law firm representing

19  Plaintiff has sought an hourly rate of $919 for partner Craig J. Ackermann.  Decl. of Craig J.

20  Ackermann in Supp. of Pl.'s Mot. for Final Approval of Class Action Settlement, Attorneys' Fees

21  and Costs, and Class Rep. Service Award, *Shanahan v. 7-11, Inc.*, No. 3:22-cv-05484-BHS-JRC,

22  at 10 (W.D. Wash. Jul. 20, 2023).  The district court granted the request for attorneys' fees, which

23  was based in part on Mr. Ackermann's declaration outlining his hourly rate.  Pl's Mot. and

24  Memorandum of Points and Authorities in Supp. of Mot. for Att'y Fees and Costs and Class Rep.

25  Service Award, *Shanahan v. 7-11, Inc.*, No. 3:22-cv-05484-BHS-JRC, at 10 (W.D. Wash. Jul. 20,

26  2023); Or. and Final Judgment Granting Pl's Mot. for Final Approval of Class Action Settlement,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

*Shanahan v. 7-11, Inc.*, No. 3:22-cv-05484-BHS-JRC, at 10 (W.D. Wash. Jul. 20, 2023).  200 hours of attorney time at a billing rate of $919 an hour equates with $183,800 in attorneys' fees.[4] Plaintiff's claims therefore more likely than not place at least $188,800 in controversy.

| Remedy Requested | Amount in Controversy |
|---|---|
| Statutory damages | $5,000 |
| Plaintiff's attorneys' fees | $183,800 |
| Total | $188,800 |

39.     Accordingly, although Aramark expressly and emphatically denies Plaintiff's factual allegations and prayer for relief and denies that Plaintiff is entitled to any relief whatsoever, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in U.S.C. § 1332(a), based solely on the allegations contained in the Complaint.

## VI.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

40.     As set forth above, this Notice of Removal is timely filed within thirty days of service of the Summons and Complaint upon Defendant.

41.     Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

42.     Defendant has sought no similar relief.

43.     The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1332(d)(2), 1441 and 1446 have been met.

---

[4] Even if some of the work on the case would be performed by individuals with lower billing rates than Mr. Ackerman, the amount-in-controversy requirement of $75,000 would still be met if the average billing rate were ***half*** of Mr. Ackerman's rate.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

44.     Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) and (d)(2), removal of this action is proper pursuant to 28 U.S.C. § 1441.

**VII.     <u>CONCLUSION</u>**

Based on the foregoing, removal is proper to this Court.  If any question arises as to the propriety of the removal of this action, Defendant respectfully request the opportunity to conduct jurisdictional discovery and to present a brief and oral argument in support of their position that this case is subject to removal.

DATED this 20th day of June, 2024.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA No. 46754

By: *s/ Claire M. Lesikar*
Claire M. Lesikar, WSBA No. 60406

1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: damon.elder@morganlewis.com
       claire.lesikar@morganlewis.com

*Attorneys for Defendant Aramark Services, Inc*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

## CERTIFICATE OF SERVICE

2      I certify that on this date, I served true and correct copies of the following documents upon

3 all counsel who have appeared in the action in the manner indicated below:

4         1)  Notice of Removal;

5         2)  Civil Cover Sheet;

6         3)  Verification of State Court Records;

7         4)  Corporate Disclosure Statement; and

8         5)  Notice of Filing Notice of Removal.

9

| *Attorney for Plaintiff* | |
|---|---|
| Craig J. Ackermann, WSBA #53330<br>Brian Denlinger, WSBA #53177<br>Avi Kreitenberg, WSBA #53294<br>ACICERMANN & TILAJEF, P.C.<br>26.02 North Proctor Street, Suite 205<br>Tacoma, Washington 98406<br>Telephone: (310) 277-0614<br>Facsimile: (310) 277-0635<br>cja@ackermanntilajef.com<br>bd@ackermanntilajef.corn<br>ak@ackermanntilajeficorn | ☐Via legal messengers<br>☐Via first class mail<br>☐Via facsimile<br>☐Via email<br>☒Via CM/ECF E-filing system |

19

20      Dated: June 20, 2024 at Seattle, Washington.

21

22                                        *s/ Trang La*
                                            Trang La, Legal Assistant

23

24

25

26

NOTICE OF REMOVAL - 14

# EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

May 20 2024 11:01 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 24-2-08079-7

# SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY
## CASE COVER SHEET / CIVIL CASE

Case Title CHERIE BURKE VS. INC. ARAMARK SERVICES          Case Number 24-2-08079-7

Atty/Litigant Brian Walter Denlinger          Bar# 53177     Phone (253) 625-7720

Address 2602 N Proctor St Ste 205

City Tacoma          State WA          Zip Code 98407

Email Address

Please check one category that best describes this case for indexing purposes.

*If you cannot determine the appropriate category, Please describe the cause of action below. This will create a Miscellaneous cause which is not subject to PCLR 3.*

**APPEAL / REVIEW**
___Administrative Law Review (ALR 2) REV 6
___Civil, Non-Traffic (LCA 2) REV 6
___Civil, Traffic (LCI 2) REV 6
___Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
___Breach of Contract, Commercial Non-Contract
     or Commercial-Contract (COM 2) STANDARD
___Third Party Collection (COL 2) REV 4

**JUDGEMENT**
___Judgement, Another County or Abstract
     Only (ABJ 2) Non PCLR
___Transcript of Judgement (TRJ 2) Non PCLR
___Foreign Judgement Civil or Judgement,
     Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
___Death, Non-Death Injuries or Property
     Damage Only (TMV 2) STANDARD

**TORT / NON MOTOR VEHICLE**
___Other Malpractice (MAL 2) COMPLEX
___Personal Injury (PIN 2) STANDARD
___Property Damage (PRP 2) STANDARD
     Wrongful Death (WDE 2) STANDARD
___Other Tort, Products Liability or Asbestos
     (TTO 2) COMPLEX

**PROPERTY RIGHTS**
___Condemnation (CON 2) STANDARD
___Foreclosure (FOR 2) REV 4
___Property Fairness (PFA 2) STANDARD
___Quiet Title (QTI 2) STANDARD
___Unlawful Detainer / Eviction (UND 2) REV 4
___Unlawful Detainer / Contested (UND 2) REV 4

**OTHER COMPLAINT OR PETITION**
✔ Compel/Confirm Bind Arbitration, Deposit of
     Surplus Funds, Interpleader, Subpoenas, Victims'
     Employment Leave, or Wireless Number Disclosure,
     Miscellaneous (MSC 2) REV 4
___Injunction (INJ 2) REV 4
___Malicious Harassment (MHA 2) Non PCLR
___Meretricious Relationship (MER 2) REV 4
___Minor Settlement/No Guardianship (MST2) REV 4
___Pet for Civil Commit/Sex Predator (PCC2) REV 4
___Property Damage Gangs (PRG 2) REV 4
___Relief from Duty to Register (RDR) REV 12
___Restoration of Firearm Rights (RFR 2) REV 4
___Seizure of Property/Comm. of Crime (SPC2) REV 4
___Seizure of Property Result from Crime (SPR2) REV 4
___Trust/Estate Dispute Resolution (TDR2) REV 12
___Restoration of Opportunity (CRP) REV 4

**TORT / MEDICAL MALPRACTICE**
___Hospital, Medical Doctor, or Other Health Care
     Professional (MED2) COMPLEX

**WRIT**
___Habeas Corpus (WHC 2) REV 4
___Mandamus (WRM 2) REV 4
     Review (WRV 2) REV 4
___Miscellaneous Writ (WMW 2) REV 4

**MISCELLANEOUS** Violations of Wage Transparency Laws (RCW 49.58.110)

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

May 20 2024 11:01 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 24-2-08079-7

1

2

3

4

5

6

7

8    **IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON**

9    **IN AND FOR THE COUNTY OF PIERCE**

10   | **CHERIE BURKE,** individually and on behalf of all others similarly situated, | **Case No.** |
     | --- | --- |

11   | | **SUMMONS (20 days)** |

12   |           Plaintiff, | |

13   |              v. | |

14   | **ARAMARK SERVICES, INC.,** a Foreign Profit Corporation, and **DOES 1-10,** inclusive, | |

15   | | |

16   |           Defendant. | |

17

18

19

20

21'

22

23

24

25

SUMMONS – 1

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR ST., SUITE 205
TACOMA, WA 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

1    TO THE DEFENDANT ARMARK SERVICES, INC.: A lawsuit has been started against

2  you in the above-entitled court by Cherie Burke, individually and on behalf of all others similarly

3  situated, Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served

4  upon you with this summons.

5    In order to defend against this lawsuit, you must respond to the complaint by stating your

6  defense in writing, and by serving a copy upon the person signing this summons within 20 days

7  after the service of this summons, excluding the day of service, or a default judgment may be

8  entered against you without notice. A default judgment is one where Plaintiff is entitled to what

9  she asks for because you have not responded. If you serve a notice of appearance on the

10  undersigned person, you are entitled to notice before a default judgment may be entered.

11    You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand

12  must be in writing and must be served upon the person signing this summons. Within 14 days after

13  you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of

14  this summons and complaint will be void.

15    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

16  that your written response, if any, may be served on time.

17    This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of

18  Washington.

19  Dated this 20th day of May, 2024.          Respectfully submitted,

20                          **ACKERMANN & TILAJEF, P.C.**

21

22          By:   _____
                  Craig J. Ackermann, WSBA #53330
23                Brian Denlinger, WSBA #53177
                  Avi Kreitenberg, WSBA #53294
24                ACKERMANN & TILAJEF, P.C.
                  2602 North Proctor Street, Suite 205
25                Tacoma, Washington 98406

SUMMONS – 2                                          ACKERMANN & TILAJEF, P.C.
                                                    2602 NORTH PROCTOR ST., SUITE 205
                                                            TACOMA, WA 98406
                                                            Tel: (253) 625-7720
                                                            Fax: (310) 277-0635

1

Telephone: (310) 277-0614
Facsimile: (310) 277-0635
cja@ackermanntilajef.com
bd@ackermanntilajef.com
ak@ackermanntilajef.com

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SUMMONS – 3

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR ST., SUITE 205
TACOMA, WA 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

May 20 2024 11:01 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 24-2-08079-7

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR PIERCE COUNTY

| | |
|---|---|
| CHERIE BURKE<br>Plaintiff(s)<br><br>vs.<br><br>INC. ARAMARK SERVICES<br>Defendant(s) | NO.  24-2-08079-7<br><br>**ORDER ASSIGNING CASE TO JUDICIAL DEPARTMENT AND SETTING REVIEW HEARING DATE(PCLR3/PCLR40)**<br><br>Judges: **SABRINA M AHRENS**<br>Department: **14**<br>Docket Code: **ORACD** |

**Notice to Plaintiff/Petitioner(s):**
* Case filed, then served: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department
  on the Defendant(s)/Respondent(s) along with a copy of the Summons and Complaint.
* Case served, then filed: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department within five (5)
  court days of filing.
* Service by publication pursuant to court order: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial
  Department within five (5) court days of the Defendant(s)/Respondent(s) first response or appearance.

**Trial Date:**
A trial date may be obtained by filing a 'Note of Issue' for assignment of a trial date at least seven (7) court days prior to the date fixed for the mandatory hearing date set out below.

---

If a trial date is NOT obtained, failure to appear on the date below may result in dismissal of the case by the Court. Further, if the case has been fully resolved and all final papers have been entered by the Court, no appearance is required.

**Mandatory Hearing Date: September 13, 2024 at 9:00 AM**

At the time of this mandatory hearing , the Court may provide you with a Case Schedule which may include the trial date, if necessary. Failure to appear on this date may result in dismissal of the case by the Court.

---

**Cases Agreed or by Default:**
If you settle your case by entry of an order of default or agreement and all of the appropriate time requirements have been met, you may file a 'Note for Commissioner's Calendar to appear before a Court Commissioner for entry of all final papers unless presentation is allowed in the Commissioner's Ex Parte Department.

A FREE LINX account is required in order to access electronic services (including e-filing, e-service, order submissions, etc). You can setup your free LINX account here: **https://www.piercecountywa.gov/374/E-Filing**

| | |
|---|---|
| May 20, 2024<br>Date | SABRINA M AHRENS<br>Department 14 |

linxcrt/supAdmin/oracd.rptdesign

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

\ May 20 2024 11:01 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 24-2-08079-7

1

2

3

4

5

6

7

8    **IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON**

9    **IN AND FOR THE COUNTY OF PIERCE**

10

| | |
|---|---|
| **CHERIE BURKE**, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF WASHINGTON'S WAGE TRANSPARENCY LAW (RCW 49.58.110)** |
| v. | |
| **ARAMARK SERVICES, INC.**, a Foreign Profit Corporation, and **DOES 1-10**, inclusive, | |
| Defendant. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

Plaintiff Cherie Burke ("Plaintiff"), by and through her undersigned attorneys and on behalf of herself and all others similarly situated, complains and alleges the following:

## I.    NATURE OF ACTION

1.    This is a class action pursuant to Wash. Super. Ct. Civ. R. 23 against Defendant Aramark Services, Inc. and its subsidiaries and affiliated companies, and DOES 1-10, inclusive ("Doe Defendants") (together "Defendant"), for engaging in a systematic scheme of failing to include the wage scale, salary range, and/or a general description of all benefits and other compensation to be offered in job openings.

2.    Plaintiff seeks statutory penalties, attorneys' fees, and costs for Defendant's failure to include the wage scale, salary range, and/or a general description of all benefits and other compensation to be offered in its job openings under RCW 49.58.110 and 49.58.070(1)

## II.    THE PARTIES

3.    Plaintiff, who at all relevant times was a resident of Renton, Washington, applied for a job position in Washington State with Defendant in or around November 2023. Defendant's job postings do not disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered. Plaintiff seeks to represent a class of all individuals who, from January 1, 2023 through the present (the "Class Period") applied for a job in the State of Washington with Defendant where the job posting did not disclose the wage scale or salary range for the position.

4.    Defendant is a Foreign Profit Corporation with its headquarters in Philadelphia, Pennsylvania. Defendant is an American food service and facilities provider to clients in areas including education, prisons, healthcare, business, and leisure. Defendant has a network of operations in the United States and within Washington.

5.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Doe Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Doe Defendants is responsible in some manner

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

1  for the occurrences herein alleged, in that they were prospective employers or prospective co-
2  employers of Plaintiff and the Class, and that Plaintiff's damages, as herein alleged, were
3  proximately caused by such Doe Defendants.

4  ### III.    JURISDICTION & VENUE

5  6.    This Court has jurisdiction over this action to recover damages pursuant to RCW
6  4.12.025(1)(a) and RCW 49.58.070(1).

7  7.    Venue is proper in Pierce County, pursuant to RCW 4.12.025(1), because it is a
8  county in which Defendant transacts business. Defendant transacts business in Pierce County
9  during the Class Period. Venue is, therefore, proper in Pierce County.

10  ### IV.    FACTUAL ALLEGATIONS

11  8.    On information and belief, during the Class Period, Defendant fielded employment
12  applications from hundreds of individuals for jobs in Washington State.

13  9.    Facts and Law Regarding Defendant's Violations of RCW 49.58.110(1): Effective
14  January 1, 2023, employers in Washington must disclose in each posting for each job opening, the
15  wage scale or salary range and a general description of all of the benefits and other compensation
16  to be offered to the hired applicant. RCW 49.58.110(1). For the purposes of RCW 49.58.110,
17  "posting" means any solicitation intended to recruit job applicants for a specific available position,
18  including recruitment done directly by an employer *or indirectly through a third party*, and
19  includes any postings done electronically, or with a printed hard copy, that includes qualifications
20  for desired applicants. RCW 49.58.110(1) (emphasis added). This section only applies to
21  employers with 15 or more employees. RCW 49.58.110(3). At all relevant times, Defendant
22  employed more than 15 individuals.

23  10.    From January 1, 2023 to the present, Plaintiff and the Class Members applied to
24  job openings with Defendant for positions located in Washington State where Defendant's job
25  postings did not disclose the wage scale, salary range, and/or a general description of the benefits
26  and other compensation to be offered.

27  11.    Specifically, in or around November 2023, Plaintiff applied for a job opening in
28  Washington State with Defendant. Defendant's job postings do not disclose the wage scale, salary

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

1  range, or a general description of the benefits and other compensation to be offered. A true and

2  correct copy of Defendant's job posting on Indeed is attached hereto as **Exhibit A** (last accessed

3  May 16, 2024), which states as to compensation, "Pay: From $16.50 per hour." There was and is

4  no range of possible salaries stated, nor was or is there any wage scale of what employees earn

5  included in the job postings. On information and belief, most or all of Defendant's job postings

6  for jobs in Washington include the same language when referring to compensation, including those

7  job postings done indirectly through a third party.

8      12.    Plaintiff and the Class Members lost valuable time applying for jobs with

9  Defendant for which the wage scale or salary range was not disclosed to them.

10     13.    As a result of Plaintiff's and Class Members' inability to evaluate the pay for the

11 position, negotiate that pay, and compare that pay to other available positions in the marketplace,

12 Plaintiff and the Class Members were harmed.

13                    **V.    CLASS ACTION ALLEGATIONS**

14     14.    Plaintiff brings this case as a class action pursuant to CR 23 on behalf of the

15 following Class (the "Class" or "Class Members"):

16     **All individuals who, from January 1, 2023 through the present**
**(the "Class Period") applied for a job opening in the State of**
17     **Washington with Defendant where the job posting did not**
**disclose the wage scale or salary range for the position[1]**
18

19

20     15.    Plaintiff reserves the right to amend or modify the class descriptions with greater

21 specificity, by division into subclasses, or by limitation to particular issues.

22     16.    On information and belief, there are estimated to be hundreds of individuals in the

23 Class. Given Defendant's systemic failure to comply with RCW 49.58.110(1), the members of the

24 Class are so numerous that joinder of all members is impractical.

25     17.    Plaintiff's claims are typical of the claims of the members of the Class because she

26

27 ───────────────
[1] Plaintiff reserves the right to modify the Class definition at a later date to conform to new facts learned, including
28 the properly named entity Defendant(s). Plaintiff also reserves the right to move for certification on certain claims as
to certain subclasses.

CLASS ACTION COMPLAINT – 4

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

1 and they applied for employment with Defendant during the Class Period and she and they

2 sustained damages arising out of Defendant's failure to include the wage scale and salary range on

3 job postings during the Class Period.

4      18.    Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has

5 no conflict of interest with any member of the Class. Plaintiff has retained competent and

6 experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and

7 financial resources to adequately represent the interests of the Class.

8      19.    Common questions of law and fact exist as to all members of the Class and

9 predominate over any questions solely affecting individual members of the Class. Among the

10 questions of law and fact common to the Plaintiff and the Class are the following:

11      a.    Whether Plaintiff and Class Members applied for jobs with Defendant during the

12 Class Period where Defendant's job postings failed to include the wage scale, salary range, and/or

13 a general description of the benefits and other compensation to be offered;

14      b.    Whether Defendant violated RCW 49.58.110(1) by failing to disclose the wage

15 scale, salary range, and/or a general description of the benefits and other compensation to be

16 offered in job postings during the Class Period;

17      c.    The proper formula(s) for calculating damages and interest owed to Plaintiff and

18 Class Members; and

19      d.    The nature and extent of class-wide damages and the measure of damages for the

20 Class.

21      20.    Class action treatment is superior to any alternative to ensure the fair and efficient

22 adjudication of the controversy alleged herein. Such treatment will permit a large number of

23 similarly situated persons to prosecute their common claims in a single forum simultaneously,

24 efficiently, and without duplication of effort and expense that numerous individuals would entail.

25 No difficulties are likely to be encountered in the management of this class action that would

26 preclude its maintenance as a class action, and no superior alternative exists for the fair and

27 efficient adjudication of this controversy. The Class Members are readily identifiable from

28 Defendant's employee rosters, HR databases, payroll records, and/or job applicant records.

CLASS ACTION COMPLAINT – 5

21.    Defendant's actions are generally applicable to each member of the Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

22.    Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

### VI.    CAUSE OF ACTION
### Violation of RCW 49.58.110

23.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

24.    Effective January 1, 2023, employers must disclose in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110(1). For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1). This section only applies to employers with 15 or more employees. RCW 49.58.110(3).

25.    As described above, Defendant did not disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered in its job postings.

26.    Starting January 1, 2023, Plaintiff and the Class applied for job openings with Defendant where the job postings did not disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered. Accordingly, Defendant violated RCW 49.58.110(1).

27.    A job applicant or an employee is entitled to the remedies in RCW 49.58.060 and 49.58.070 for violations of this section. RCW 49.58.110(4). An employee may bring a civil against

CLASS ACTION COMPLAINT – 6

1    an employer for . . . actual damages; statutory damages equal to the actual damages or five

2    thousand dollars, whichever is greater; interest of one percent per month on all compensation

3    owed; and costs and reasonable attorneys' fees. The court may also order reinstatement and

4    injunctive relief. RCW 49.58.070(1).

5        28.    Plaintiff and Class Members are entitled to actual or statutory damages, plus

6    interest, and attorneys' fees and costs, under RCW 49.58.070(1).

7                        VII.    **PRAYER FOR RELIEF**

8        Wherefore, Plaintiff, on behalf of herself and the members of the Class, prays for judgment

9    against Defendant as follows:

10       A.    An Order that this action may proceed and be maintained as a class action,

11    certifying the Class as defined above for the Class Period defined above;

12       B.    A declaratory judgment that Defendant violated RCW 49.58.110(1);

13       C.    An award of statutory damages equal to Plaintiff and Class Members actual

14    damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1), plus

15    interest, and reasonable attorneys' fees and costs; and

16       D.    All other relief this Court deems proper.

17   Dated this 20th day of May, 2024.        Respectfully submitted,

18

19                                **ACKERMANN & TILAJEF, P.C.**

20                        By:

21                                Craig J. Ackermann, WSBA #53330
                                 Brian Denlinger, WSBA #53177
22                                Avi Kreitenberg, WSBA #53294
                                 ACKERMANN & TILAJEF, P.C.
23                                2602 North Proctor Street, Suite 205
                                 Tacoma, Washington 98406
24                                Telephone: (310) 277-0614
                                 Facsimile: (310) 277-0635
25                                cja@ackermanntilajef.com
                                 bd@ackermanntilajef.com
26                                ak@ackermanntilajef.com

27

28

# EXHIBIT A

Case 3:24-cv-05488-BHS   Document 6/20/24   Filed 06/20/24   Page 29 of 31

 indeed

| What | Job title, keywords, or com | Where | renton, wa | **Find Jobs** |

# Retail Sales Worker-Pierce County Commissary

Aramark ☐ · 3.4 ★

910 Tacoma Avenue S, Tacoma, WA 98402

From $16.50 an hour  - Full-time

**Aramark**
★★★☆☆  <u>21,738 reviews</u>
<u>Read what people are saying about working here.</u>

**Job**    Company

**Apply now**    🔖

## Job details

Here's how the job details align with your pro le ☐

💲 **Pay**

  From $16.50 an hour  ⌄

💼 **Job type**

  🖤 Full-time  ⌄

🕐 **Shift and schedule**

  8 hour shift  ⌄    Every weekend  ⌄    Day shift  ⌄

## Location

🚗 **Estimated commute**

  Over an hour from <u>18451 West Jonah Court</u>

📍 **Job address**

910 Tacoma Avenue S, Tacoma, WA 98402

## Benefits

Pulled from the full job description

- Dental insurance
- Health insurance
- Paid time off
- Vision insurance

## Full job description

**Essential Functions:** Retail Sales Worker

- Delivers commissary to inmate population
- Responsible for receiving products and merchandise, checking for quality and damages to items, and the proper storage of the delivered products and merchandise
- Perform physical inventory as needed
- Processes requests for supplies, prepares merchandise for delivery, and prepares packages for delivery according to established procedures
- Ensures security of company assets
- Other duties and tasks as assigned by manager
- Maintains excellent customer service and positive attitude towards guest, customers, clients, co-workers, etc.

Job Type: Full-time

Pay: From $16.50 per hour

Benefits:

- Dental insurance
- Health insurance
- Paid time off
- Vision insurance

Shift:

- 8 hour shift
- Day shift

Weekly day range:

- Every weekend

Work Location: In person

If you require alternative methods of application or screening, you must approach the employer directly to request this as Indeed is not responsible for the employer's application process.

**Report job**

Retail Sales Associate jobs in Tacoma, WA

Jobs at Aramark in Tacoma, WA

Retail Sales Associate salaries in Tacoma, WA

Hiring Lab    Career advice    Browse Jobs    Browse Companies    Salaries    Indeed Events    Work at Indeed

Countries    About    Help Center    ESG at Indeed

© 2024 Indeed    Your Privacy Choices ✓✗    Accessibility at Indeed    Privacy Center and Ad Choices    Terms